UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00076-JHM

ROSE M. SIMPSON                                                          PLAINTIFF

v.

XEROX EDUCATION SERVICES, LLC,                        DEFENDANT
d/b/a ACS EDUCATION SERVICES

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on multiple motions for entry of default by plaintiff Rose M. Simpson (DN 11, 15), as well as a motion to dismiss by defendant Conduent Education Services, LLC. (DN 13.) Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

Simpson initially filed her complaint on February 8, 2017. (DN 1.) She named one defendant in her complaint: "Xerox Education Services LLC, dba ACS Education Services" ("Xerox"). Simpson indicated in her complaint that she consolidated her student loans with Xerox in 2002 and subsequently paid back those loans in full in 2005. However, she alleges that Xerox began attempting to collect from her in 2011, despite receiving proof in 2005 that her loans had been paid in full. Specifically, she alleges that $67,202.04 from her father's estate was improperly used to offset her account with Xerox without her consent. She additionally alleges that her signature on two promissory notes from 2005 and 2006 was forged.

The complaint was screened pursuant to this Court's *pro se* screening process and permitted to proceed on April 26, 2017. (DN 5.) The Court ordered that summons be issued and service effected on Xerox by the U.S. Marshall Service. On June 22, 2017, Simpson notified the Court that Xerox's address had changed since the initiation of her suit and requested that

summons be reissued. (DN 7.) She requested that summons be issued for "Conduent Inc., aka Xerox Education Services, aka ACS Education Services." The Court granted her request (DN 8) and reissued summons with the requested name of the defendant on July 18. (DN 9.) However, on July 19, the original summons was returned executed, as delivery of the summons occurred on June 26. (DN 10.) Simpson then filed her first motion for default on July 28, as more than 21 days had passed since service had been effected pursuant to the original summons. (DN 11.) Her motion for default repeats the allegations in her complaint verbatim, with an additional paragraph specifically outlining the damages she is seeking. Subsequently, on August 4, the summons for Conduent, Inc. was returned executed, as service had been effected on August 3. (DN 12.)

On August 24, the present motion to dismiss was filed by "Defendant Conduent Education Services, LLC f/k/a Xerox Education Services, LLC, d/b/a/ ACS Education Services, LLC." (DN 13, at 1.) The motion states that Conduent Education Services is appearing in this action to defend Xerox "as corporate successor in interest." (*Id.* at 5.) While also raising specific grounds in favor of dismissal, the motion notes that

> Conduent, Inc. is a publicly traded company that is not a "dba" for Xerox Education Services, LLC. Rather, it was formed in 2017 as a divestiture from Xerox Corporation. It currently functions as the parent company for CES [Conduent Education Services], which is the successor of the named defendants.

(*Id.*) Thus, the motion argues that no claims have actually been asserted against any entity known as "Conduent, Inc." and that this entity should be dismissed from the action. Subsequently, on September 5, Simpson filed her second motion for default, identifying the defendants in the caption as "Conduent Education Services, LLC, f/k/a Xerox Education Services, LLC, d/b/a ACS." (DN 15.) In this motion, Simpson argues that Conduent Education

2

Services failed to timely file a response to the complaint after being served, while also responding to the arguments raised in the motion to dismiss.

## II. DISCUSSION

### A. MOTIONS FOR DEFAULT

The Court first turns to Simpson's motions for default. Fed. R. Civ. P. 55(a) states that a party's default must be entered when a defendant "has failed to plead or otherwise defend" against the action. Beginning with Simpson's first motion for default, the Court will deny the motion, as Simpson failed to "show by affidavit or otherwise" that Xerox had failed to plead or otherwise defend itself in the action, as is required by Rule 55(a). Simpson's motion is simply a restatement of her complaint with additional details regarding her damages; nowhere does she note how Xerox has failed to defend itself against her allegations. This deficiency is compounded by the fact that Simpson had previously represented to the Court that Xerox was unlikely to receive the summons originally directed to it and that new summons must be issued and sent to a different address. (*See* DN 7.) When Simpson filed the motion for default on July 28, the new summons had yet to be executed, as that would not happen until August 3. (*See* DN 12.) Although the original summons appears to have reached a representative of "ACS Education Services" on June 26, the Court is hesitant to enter default against an entity when representations were made to the Court that (1) service of the entity at that address would likely be unsuccessful and (2) a better address exists for effecting service. These representations bore true: Xerox did not respond to the original summons, but upon being served at the correct address, it did (through its "corporate successor in interest," Conduent Education Services). (DN 13, at 5.) Thus, even if Simpson had adequately shown how Xerox failed to defend itself in the present action, good cause exists to excuse such failure. *See* Fed. R. Civ. P. 55(c) (entry of

default may be set aside for good cause). Therefore, Simpson's first motion for default (DN 11) is **DENIED**.

Turing to Simpson's second motion for default against Conduent Education Services, the Court will deny the motion for two reasons. First, Conduent timely filed a Rule 12 motion, as it was served on August 3 and filed its motion 21 days later on August 24. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). And second, the motion for default was only filed after Conduent had filed its Rule 12 motion. Thus, Conduent had already taken action to "otherwise defend" itself by the time Simpson moved for entry of default. *Accord Nwabue v.Wayne State Univ. Sch. of Med.*, 513 F. App'x 551, 552–53 (6th Cir. 2013). Therefore, Simpson's second motion for default (DN 15) is **DENIED**.

### B. MOTION TO DISMISS

#### 1. CONDUENT, INC.

The Court now turns to the motion to dismiss filed by Conduent Education Services. The motion argues that Conduent, Inc. should be dismissed, as no claims have actually been asserted against it. Simpson's complaint originally asserted claims against "Xerox Education Services LLC dba ACS Education Services." (DN 1.) After her complaint was screened, a summons was issued for an entity with that same name, with service to be effected at an address in California. (DN 4.) In her letter requesting that summons be reissued, however, Simpson lists the name of the company to be served as "Conduent Inc., aka Xerox Education Services, aka ACS Education Services," and includes an address in New Jersey. (DN 7.) The motion to dismiss was filed by "Conduent Education Services, LLC f/k/a Xerox Education Services, LLC, d/b/a/ ACS Education Services, LLC," and it notes that it is the successor of the named defendants following a divestiture. (DN 13, at 5.)

Based on these representations, there are two relevant "entities" in this case: Conduent Education Services (which was formerly known as Xerox) and Conduent, Inc.[1] Simpson has properly brought her claims against Conduent Education Services/Xerox, as that entity is named in the complaint. However, Simpson has not properly joined Conduent, Inc. as a defendant. Beginning with Simpson's request for the reissuance of summons, she has named Conduent, Inc. as a defendant in the captions of her filings. However, even under the liberal pleading standards to be afforded to *pro se* parties, this is not sufficient to join a defendant to an action, as the complaint itself does not name Conduent, Inc. as a defendant. If Simpson seeks to assert claims against this entity, she must amend her complaint so as to either rename the parties against whom she is seeking to recover or to add additional parties. *See Kaminski v. Target Stores*, 1998 WL 575097, at *1–2 (N.D. Cal. Sep. 4, 1998) (granting plaintiff leave to amend complaint so as to change the name of corporate defendant).

Conduent, Inc. is not presently a defendant in this case. Therefore, the motion to dismiss that entity as a defendant is **DENIED AS MOOT**, as the Court cannot dismiss an entity that is not a party to the action.

### 2. CONDUENT EDUCATION SERVICES/XEROX

Conduent Education Services has also moved on Xerox's behalf to dismiss the claims against Xerox. Three arguments are made in favor of dismissal: the statute of limitations has run on any claim, any allegation of fraud has not been pled with sufficient particularity, and Simpson has not stated an actual theory of recovery upon which relief can be granted. The Court will begin with this last argument. As stated previously, the Court is to construe *pro se* pleadings liberally. At the same time, however, a complaint must state a claim upon which relief can be

---

[1] There appears to be no dispute that "ACS Education Services" is either a former name or trade name of Xerox, rather than a distinct entity.

granted in order to avoid dismissal under Fed. R. Civ. P. 12(b)(6). When a plaintiff is proceeding *pro se*, the Court should only "dismiss[ ] for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Styles v. United States*, 2017 WL 3000676, at *2 (E.D. Tenn. June 27, 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Simpson's complaint adequately alleges the factual background of her dealings with Xerox, but it makes no specific mention of a legal theory that would entitle her to recovery. The Court simply cannot determine whether Simpson has stated a claim for which she would be entitled to relief without knowing what claim she is asserting. *See* Fed. R. Civ. P. 8(a)(2). The Court requires some reference to what torts the defendant may have committed, what contracts it may have breached, or what statutes it may have violated in order to properly determine whether Simpson has stated a claim for relief. *See Styles*, 2017 WL 3000676, at *4 (granting motion to dismiss employment discrimination claim when it neither stated the statute under which plaintiff was suing or what characteristic was the basis for the discrimination). Simpson very well may be entitled to relief on a number of theories, but she must specify those theories to the Court for her claims to proceed.

Therefore, because Simpson has failed to specify what claims she is asserting against Xerox, she has failed to state a claim upon which relief may be granted, and the motion to dismiss the claims against Xerox pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**. However, Simpson is **granted leave to amend her complaint** so as to specify the claims she is asserting against Xerox, as well as to assert any claims she might have against Conduent, Inc., within **30 days** of the entry of this order. Failure to file an amended complaint will result in complete dismissal of this suit.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff Rose M. Simpson's motions for default judgment (DN 11, 15) are **DENIED**;

(2) Defendant Conduent Education Service, LLC's motion to dismiss (DN 13) is **DENIED AS MOOT** as to Conduent, Inc.;

(3) Defendant Conduent Education Service, LLC's motion to dismiss (DN 13) is **GRANTED** as to defendant Conduent Education Services, LLC f/k/a Xerox Education Services, LLC, d/b/a/ ACS Education Services, LLC; and

(4) If plaintiff wishes to amend her complaint, she must file an amended complaint within **30 days** of the entry of this order.

cc: counsel of record
    Rose M. Simpson, pro se

7