UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00076-JHM

ROSE M. SIMPSON                                                                                       PLAINTIFF

v.

XEROX EDUCATION SERVICES, LLC,                            DEFENDANT
d/b/a ACS EDUCATION SERVICES

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by plaintiff Rose M. Simpson to add a defendant to her complaint. (DN 22.) Also before the Court is a motion to dismiss the complaint by defendant Conduent Education Services, LLC f/k/a Xerox Education Services, LLC, d/b/a ACS Education Services, LLC ("CES") (DN 23), and a motion to enforce restitution and other relief by Simpson. (DN 26.) These matters are ripe for decision.

### I. BACKGROUND

Simpson filed her initial complaint *pro se* on February 8, 2017. (DN 1.) She named one defendant in her complaint: "Xerox Education Services LLC, dba ACS Education Services" ("Xerox"). Simpson alleged that the defendant engaged in multiple acts of misconduct in an attempt to collect on a student loan that she had previously paid in full. The complaint was screened pursuant to this Court's *pro se* screening process and permitted to proceed on April 26, 2017. (DN 5.) Simpson proceeded to file two motions for default (DN 11, 15), and CES filed a motion to dismiss. (DN 13.) The Court denied both motions for default and granted the motion to dismiss, as Simpson had failed to specify what legal theories entitled her to relief. (DN 18.) The Court granted Simpson leave to file an amended complaint so as to specify the legal theories that entitled her to relief and add any corporate defendants that she believed should be included

in the complaint. (*Id.*) Simpson filed her amended complaint (DN 21), and she has moved to add "Conduent Inc., d/b/a Conduent Education Services, LLC (CES) f/k/a Xerox Education Services LLC d/b/a ACS" as a defendant. (DN 22.) CES has moved to dismiss the amended complaint (DN 23), and Simpson has filed a "motion to enforce restitution and other relief." (DN 26.)

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint . . . states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id*. at 678–79. Instead, a complaint "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 677 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

The Court will begin by reviewing Simpson's amended complaint to determine if she has asserted a legal theory under which she is plausibly entitled to relief. Next, it will address CES's argument that any claim is barred by the applicable statute of limitations. It will then turn to whether Conduent Inc. should be dismissed as a defendant. Finally, it will address Simpson's motion to enforce restitution.

### B. FAILURE TO STATE A CLAIM

Simpson's amended complaint alleges that she is entitled to relief under three federal laws: the Consumer Financial Protection Act of 2010 (CFPA), the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA). The Court will examine each theory.

#### 1. CONSUMER FINANCIAL PROTECTION ACT

The CFPA prohibits "any person that engages in offering or providing a consumer financial product or service" from "engag[ing] in any unfair, deceptive, or abusive act or practice." 12 U.S.C. §§ 5481(6), 5536(a)(1)(B). The Act gives the Consumer Financial Protection Bureau the power to commence a civil action against any person that violates the Act. *Id.* at § 5564(a). However, the CFPA does not create a private right of action. *See Jones v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 4612813, at *5 (M.D. Tenn. Oct. 16, 2017) (sections 5531 and 5536 of the CFPA "do not authorize a private right of action") (collecting cases). Thus, even if the defendants in this case have violated the CFPA, the Act does not permit Simpson to bring a civil action against these entities and obtain relief.[1] Therefore, Simpson has

---

[1] Simpson cites to *Consumer Fin.. Protection Bureau v. Navient*, 3:17-cv-00101, 2017 WL 3380530 (M.D. Pa. Aug. 4, 2017), in support of her claim. However, this case is an example of the Bureau using its authority under the Act to commence a civil action against an entity that has violated the CPFA. Thus, it does not support Simpson's argument that she may sue under the Act.

not stated a claim that would entitle her to the relief she seeks. *Accord Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015) (concluding that the Act did not create a private right of action and refusing to read such a right of action into the statute).

### 2. FAIR CREDIT REPORTING ACT

The FCRA, unlike the CFPA, does create a private right of action to enforce its provisions. *See* 15 U.S.C. §§1681n, 1681o. Specifically, §1681s-2 of the Act "is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012). When (1) a consumer has notified a consumer reporting agency that he or she is disputing the information in their file and (2) the agency has notified the furnisher of that information of the dispute, *see* 15 U.S.C. § 1681i(a)(2), the FCRA imposes five duties upon the furnisher of that information: to "conduct an investigation," "review all relevant information," "report the results of the investigation to the consumer reporting agency," report any finding that the information is incomplete or inaccurate to other consumer reporting agencies, and to either modify, delete, or block any inaccurate or incomplete information from future inclusion. *Id.* at §1681s-2(b)(1). The Sixth Circuit has found that a consumer may bring a private action against a furnisher of information under § 1681s-2(b). *Boggio*, 696 F.3d at 615–16.

Simpson's complaint alleges that the defendants submitted information to consumer reporting agencies that was incorrect, specifically that she had defaulted on a previously-paid loan. (Pl.'s Amend. Compl. [DN 21] at 2–3.) Thus, she is seeking to hold the defendants, as furnishers of this information, liable for violating their duties under § 1681s-2(b). The issue, however, is that Simpson does not allege the necessary facts that would *create* these duties.

Section 1681s-2(b) only imposes the five duties listed above when the furnisher of the information has received notice of a dispute from the consumer reporting agency. Simpson's amended complaint does not allege that she notified any consumer reporting agency that this information was incorrect, or that the consumer reporting agencies received notice of this dispute from some other source.[2] While § 1681s-2(b) imposes specific duties upon furnishers to ensure that the information they provide is accurate, these duties only arise once the furnisher receives notice of a dispute from a consumer reporting agency.[3] Because Simpson has not provided any details as to whether she contacted a consumer reporting agency to dispute this information, her claim must fail, since the claim is dependent on Simpson having taken the necessary action to trigger the furnisher's duty to investigate. Without any allegation that Simpson disputed the information, the complaint does not adequately claim that such a duty ever arose. *See Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 600 (E.D. Mich. 2014) ("nor is there any allegation that Plaintiff submitted a dispute that would trigger any duty on the part of Defendant RBS Citizens to investigate"); *Moore v. Capital One Serv., LLC*, 2013 WL 1136725, at *3 (W.D. Mich. Feb. 26, 2013) (report and recommendation adopted in 2013 WL 1129608) ("to state a claim, [pro se] plaintiff must allege that he complained to a credit reporting agency, that the credit reporting agency notified defendant of the dispute, and that the defendant failed to conduct a reasonable investigation or other specific duty established by the FCRA").

### 3. FAIR DEBT COLLECTIONS PRACTICES ACT

The FDCPA also creates a private right of action. 15 U.S.C. § 1692k. Under the FDCPA, it is unlawful for a debt collector to "use any false, deceptive, or misleading

---

[2] Section 1681i(a)(2)(A) specifically contemplates a consumer reporting agency receiving notice of a dispute from a reseller of information from other consumer reporting agencies. *See* 15 U.S.C. § 1681a(u).
[3] Section 1681s-2(a) *does* impose duties upon furnishers of information without regard to whether there has been a dispute. However, the FCRA specifically prohibits a furnisher of information from being held liable to a consumer under this section. 15 U.S.C. § 1681s-2(c).

representation or means in connection with the collection of any debt." *Id.* at § 1692e. The Act lists a number of ways in which a representation may be false, deceptive, or misleading. *Id.* However, it also includes a "catchall" provision that prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt[.]" *Id.* at § 1692e(10).

Simpson has stated a plausible claim for relief under § 1692e(10). Her amended complaint alleges that the defendants misreported information to consumer reporting agencies about a non-existent default. (Pl.'s Amend. Compl. [DN 21] at 2.) She states that the defendants "promised that reporting to the consumer reporting agencies would cease once I began making $5.00 monthly payments. This is untrue, and the negative reporting remains on my credit reports to this day." (*Id.* at 3.) Here, Simpson has pled facts that show (1) the defendants made false representations (2) that were used to attempt to collect a debt.

As for the first element, the analysis is straight-forward: Simpson alleges that the defendants made a representation (that reporting to the credit agencies would cease upon her paying $5.00 each month) that was false, as the reporting did not stop. And as for whether these statements were made "in connection with the collection of any debt," the Sixth Circuit uses the "animating purpose" test, which asks whether "an animating purpose of the communication [was] to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (citations omitted). Upon a motion to dismiss, the Court merely asks "whether it is plausible, based on the facts alleged in the complaint, that one of the purposes animating [the] decision to [initiate the communication] was to induce payment[.]" *Estep v. Manley Deas Kochalski, LLC*, 552 F. App'x 502, 505 (6th Cir. 2014) (citations omitted). The Court finds that Simpson has met this standard; the alleged communication specifically instructed Simpson to begin making payments (even minimal ones) while the defendants were

6

allegedly furnishing incorrect information to consumer reporting agencies. It is certainly plausible that the animating purpose of making this offer (to stop misreporting once payments are made) was to induce Simpson to begin making payments. Therefore, the Court finds that Simpson has stated a claim under the FDCPA.

Simpson also argues that any debts related to promissory notes that she allegedly signed in 2005 or 2006 should be deemed non-collectable, as the defendants violated 15 U.S.C. § 1692g(b). That section of the FDCPA allows a consumer to contest a debt upon receiving notice of an attempt to collect on the debt; when the debt collector receives notice of the dispute, it must provide proper verification of the debt. However, any such dispute must be made by the consumer within thirty days of receiving notice of the debt or an attempt to collect on it. *Id.* at § 1692g(a), (b). Simpson's complaint does not contain any allegations that she ever contested the debt, or if she did, that it occurred within thirty days of receiving notice of the debt. Without any allegation that she disputed the debt, the duties imposed on the defendants by § 1692g(b) to provide the proper verification of the debt would not arise. Therefore, Simpson has failed to state a claim under § 1692g(b) of the FDCPA.

### B. STATUTE OF LIMITATIONS

The FDCPA imposes a one-year statute of limitations that begins to run from "the date on which the violation occurs." 15 U.S.C. § 1692k(d). CES argues that any such claim has not been brought within the limitations period and should therefore be dismissed. However, the Court cannot agree that, based on the face of the complaint, any claim by Simpson is necessarily time-barred. A court should only grant a Rule 12(b)(6) motion to dismiss on statute of limitations grounds "when the statement of the claim affirmatively shows that the plaintiff can prove *no* set of facts that would entitle him to relief." *Duncan v. Leeds*, 742 F.2d 989, 991 (6th

Cir. 1984) (citations omitted) (emphasis in original). Here, the complaint does not specify exactly when the defendants made the misrepresentations at issue. The allegations are in a single paragraph that references no dates. (Pl.'s Amend. Compl. [DN 21] at 2–3.) Further, under the FDCPA, failure to bring a claim within the statute of limitations is an affirmative defense, with the burden on the defendant to bring forth evidence proving the claim is time-barred. *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 799 (S.D. Ohio 2006). CES does not address when this alleged misrepresentation was made in its motion to dismiss. Thus, the Court cannot conclude at this time that there are no set of facts that would entitle Simpson to relief.

### C. MOTION TO ADD CONDUENT INC. AS A DEFENDANT

Next, Simpson has moved to add Conduent Inc. as a defendant. The Court previously granted Simpson leave to amend her complaint and add any defendants against which she seeks to recover. (Mem. Op. and Order [DN 18] at 5–7.) Simpson's amended complaint clearly seeks to add Conduent Inc. as a defendant. (Pl.'s Amend Compl. [DN 21] at 1.) Therefore, the Court **GRANTS** the motion to add Conduent Inc. as a defendant.

However, CES argues that Conduent Inc. should be dismissed, as there are no factual allegations in the complaint that would plausibly entitle Simpson to relief from Conduent Inc. The Court disagrees, as Simpson's claim under the FDCPA alleges misconduct by "The Defendants," not merely CES. (*Id.* at 2.) While CES suggests that Conduent Inc. cannot be liable since it was only formed in 2017 as a divestiture from Xerox and is currently the parent company for CES, a motion to dismiss is not the appropriate stage to consider such arguments, as it would require referencing materials outside the complaint. Therefore, Conduent Inc. will remain a defendant to this action.

### D. MOTION TO ENFORCE RESTITUTION

Finally, the Court will address what Simpson has stylized as a "Motion to Enforce Restitution and Other Relief." (DN 26.) This filing also serves as Simpson's response to CES's motion to dismiss. The Court construes this as a motion for either judgment on the pleadings or summary judgment, as Simpson's amended complaint seeks restitution and "additional relief as the Court determines to be just and proper." (Pl.'s Amend Compl. [DN 21] at 6.) The Court will deny the motion. First, the Court cannot grant judgment on the pleadings, as the defendants have not filed an answer to the complaint. *See* Fed. R. Civ. P. 12(c) (a party may move for judgment on the pleadings "[a]fter the pleadings are closed"). And second, the Court will not grant summary judgment to Simpson, as her complaint alone does not demonstrate that there is no dispute as to the material facts of this case and that she is entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1) The motion to dismiss by defendant CES (DN 23) is **GRANTED IN PART** and **DENIED IN PART**;

(2) The motion to add Conduent Inc. as a defendant by plaintiff Simpson (DN 22) is **GRANTED**; and

(3) The motion to enforce restitution by plaintiff Simpson (DN 26) is **DENIED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court
December 18, 2017

cc: counsel of record
    Rose M. Simpson, pro se