UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROSE M SIMPSON,

Plaintiff,

v.                                CIVIL ACTION NO.  3:17-CV-00076-JHM-CHL

CONDUENT EDUCATION SERVICES, LLC et at.,

Defendant,

---

## PLAINTIFF'S MOTION TO ADMIT EVIDENCE:

I, Rose Simpson, Plaintiff respectfully submit this response to include evidence requested in the Report and Recommendation by the Magistrate Judge on 06/19/18.  In this report, the Court approved my motion to amend under Section 1692g FDCPA and FCRA Section 1681s-2. The statute of limitations has not ran out on the FDCPA nor the FCRA due to the continuing violations doctrine overrides the statute of limitations in this case.  The continuing violations doctrine pertains in this case due to the Defendant's recurring negligence and violations from 2005-Present.  The recurring negligence involves my paid in full student loan from 2005 being erroneously transferred to ECMC and then to Navient on March 4, 2016.  In addition, the Defendants have continuously given misinformation to credit reporting agencies, ECMC and Navient.

I received a welcome letter from Navient dated March 15, 2016 which was the first notice I received of loan transfer from ECMC, refer to letter from Navient enclosed. The same day I received the notice, I called Navient to dispute the alleged loan. I was told it could take up to 60-90 days to research. After the research was concluded, I received a letter from Navient dated May 24, 2016 that restated misinformation from ACS that my 2002 student loan was paid in full in 2005, and ACS serviced a 2nd loan in February 2006. This is definitely not true since the only way to obtain a 2nd loan in February 2006 was to take additional college courses for which I never did after graduating in 2001 from the University of North Florida (UNF) with a Bachelor's degree, refer to letter from UNF which states that I had not enrolled since my May 2001 graduation.

Included in the welcome letter from Navient was a 1 page, payment history from ACS, that clearly showed that my 2002 student loan was paid in full in 2005 with a zero balance on September 5, 2005 and gave no mention of the alleged 2006 student loan, refer to enclosed ACS payment history.

Even after receiving notice of my dispute in March 2016, Navient continued debt collections, refer to enclosed payment notices from Navient dated 04/17/16 and 5/14/16 and identity theft investigation notice, dated 05/20/16. After ECMC illegally took funds from my father's estate in 2015, I was terrified of having any additional funds taken. I was told by ACS, ECMC and Navient that the only way to prevent continued collections was to put the loan in deferment until I could get the matter resolved. On 04/26/2016, I put the loan with Navient in

deferment, refer to enclosed deferment request. Considering Navient's investigation of my dispute continued until around May 24, 2016, they violated Section 1692g of the FDCPA.

Moreover, under FCRA Statute 1681s-2, I was unaware that Navient had reported the alleged student loan to the credit reporting agencies until I received the letter dated 05/20/16 indicating that my fraud investigation had been closed and they would update the consumer reporting agencies with the following narrative, "Completed investigation of FCRA – consumer disagrees," refer to enclosed letter from Navient dated 05/20/16.

To date, I have provided numerous documents to prove that my 2002 student loan was paid in full in 2005, and I did not qualify to take out any additional student loans. On the other hand, the Defendants have not provided any proof to refute my complaint. Plus, the Defendants cannot prove when I first learned of the inaccurate reporting from ACS nor can they present evidence that I discovered the violations more than 1 year prior to filing this lawsuit for FDCPA or 2-5 years for FCRA.

This is clearly a case of continuing violations due to the Defendant's negligence that lead to the alleged loan being transferred twice, continuously giving misinformation to these companies, continuously misreporting to the credit reporting agencies and continuously being unwilling to fully investigate this matter since 2005. Lastly, this has been a continuous nightmare that I have continuously refuted, spending thousands of hours attempting to resolve since 2011.

**I, the undersigned, declare under penalty of perjury that the information contained in this document is true and correct.**

**This 19th of July, 2018**

Signed Name: *Rose Simpson*
Printed Name: *Rose Simpson*
Address: 949 Wire Lane, Bardstown, KY 40004