UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:17-CV-76-RGJ-CHL

ROSE M. SIMPSON,                                                              Plaintiff,

v.

XEROX EDUCATION SERVICES, LLC, et al.,                          Defendants.


<u>SUPPLEMENTAL MEMORANDUM OPINION AND ORDER</u>

On March 3, 2020, the Court issued a Memorandum Opinion and Order (DN 84) denying the Motions to Amend (DNs 63, 71) filed by *pro se* Plaintiff Rose M. Simpson ("Simpson"). Thereafter, Simpson contacted both the undersigned's Case Manager and the Clerk's Office claiming that documents she brought to the Clerk's office for filing were not properly filed in the record and/or were not attached to the correct motion filed in the record.  Specifically, she claimed that the exhibits to her August 8, 2019, Motion for Leave to File a Redacted Version of Document (DN 70) and her Motion to Amend her Complaint (DN 71) were mixed up.  Simpson also claimed that other documents she intended to file were missing from the record.  The Court set a call to discuss Simpson's concerns.  (DN 85.)

During the call, Simpson claimed the record was still missing: (1) a federal direct consolidation loan verification certificate; (2) an express pay pay-by-phone authorization report; (3) a client audit review report; and (4) an August 16, 2015, Experian credit report, and that the Borrower History and Activity Report was attached to the wrong motion.  (DN 86.)  In light of Simpson's claim, the Court indicated that it would reconsider its prior opinion and ordered Simpson to file in the record the above-mentioned four documents.  (*Id.*)  The Court specified that Simpson was not to submit any additional argument regarding these documents, merely the

documents themselves.  (*Id.*)  The Court also permitted Defendants, Conduent Education Services, LLC f/k/a Xerox Education Services, LLC, d/b/a ACS Education Services and Conduent, Inc. ("Defendants"), to file a response as to the impact of these additional documents on Simpson's prior motions to amend (DNs 63, 71) and the reasoning of the Court's prior ruling (DN 84). Defendants were not to reargue prior points but were instructed to limit their responses to the new documents.  (*Id.*)  Finally, the Court permitted Simpson to file a reply regarding only any issues raised in Defendants' response.  (*Id.*)  Simpson has now filed her supplemental documents (DN 87), and Defendants filed a response (DN 91).[1]  Simpson then filed a reply (DN 91).[2]

The Court will now reconsider its prior March 3, 2020, Memorandum Opinion and Order (DN 84) in light of the new documents submitted by Simpson.  The Court possesses the inherent authority to reconsider its interlocutory orders at any time.  *See, e.g.*, *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004).  The Court incorporates its prior March 3, 2020, Memorandum Opinion and Order (DN 84) as if set forth fully herein.

For the reasons set forth below, Simpson's Motion to Amend Complaint & Request for Additional Assistance (DNs 63, 71) is **DENIED**.

---

[1] Though the Court warned Simpson that she was not to file any additional argument regarding the new documents she was submitting, Simpson filed a "Notice of Supplemental Filing" in which she made additional arguments.  (DN 87.)  Accordingly, the Court directed the Clerk to strike the non-compliant filing and leave only those documents that the Court had granted Simpson permission to file.  (DN 88.)

[2] The only argument raised by Simpson in her reply is that Defendants filed their response thirty-four days past the deadline for doing so set by the Court. However, the Defendants' deadline to file their response, as set out in the Court's March 18, 2020, order, was April 21, 2020.  (DN 86.)  The Defendants filed their response on April 21, 2020. (DN 90.) Therefore, the Defendants' response was not untimely.

## I.    DISCUSSION

### A.    Legal Standard

The Sixth Circuit has held that in considering a request to amend a complaint past the deadline set for amending pleadings, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

In evaluating whether a party has shown "good cause" within the meaning of Fed. R. Civ. P. 16(b), the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); see also Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Additionally, a court must consider whether modification of the scheduling order will prejudice the opposing party. *Leary*, 349 F.3d at 906.

As to whether the amendment is proper, Fed. R. Civ. P. 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a Court may appropriately deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[3] The Sixth Circuit has not directly spoken as to whether a magistrate judge has authority to deny a motion for leave to amend on the basis of futility. *See, e.g.*, *Gibbs v. Norfolk S. Ry. Co.*, No. 3:14-cv-587-DJH, 2015 WL 4273208, at *2 (W.D. Ky. July 14, 2015). There is likewise a split of opinion among the district courts within the Sixth Circuit on this issue. *Compare Hira v. New York Life Ins. Co.*, No. 3:12-cv-363, 2014 WL 2177799, at *1 (E.D. Tenn. May 23, 2014) ("Magistrates do decide motions to amend involving the issue of futility, and the decision is considered nondispositive."), *with Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("There is some conceptual difficulty presented when the primary basis for a party's

### B.      Analysis

The Court previously found that Simpson has not shown good cause for seeking leave to amend past the March 1, 2019 deadline established in DN 54.  (DN 84.)  As the Court previously noted, this would be Simpson's third amended complaint and the fourth complaint overall.  Each of the three prior complaints was followed by a motion to dismiss requiring briefing by the Parties and a decision by the Court.  "[A]lthough courts 'must give a party a fair chance to present claims and defenses, [the court] must also protect a busy district court [from being] imposed upon by the presentation of theories seriatim.'" *Anderson v. Kentucky One Health, Inc.*, No. 3:17-cv-359-TBR, 2017 WL 6347966, at *2 (W.D. Ky. Dec. 12, 2017) (quoting *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981)).  Simpson has had ample previous opportunities to amend her Complaint and has not supported her claim that her current allegations are based on new evidence.

And even if Simpson had shown good cause, Defendants would be significantly prejudiced by the allowance of yet another amended complaint.  Fact discovery has concluded and would have to be reopened if Simpson added new allegations to her complaint.  (DN 84, at PageID # 1244.)  This case is ready to proceed to a settlement conference and dispositive motions, both of which would likely be further postponed in the case of an amendment.  (*Id.*)

---

opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, *see* 28 U.S.C. § 636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim."). However, here, because the undersigned finds that Simpson has not shown good cause for her request to amend after the deadline for doing so set in the Court's scheduling order expired, the undersigned does not reach Defendants' futility argument. Accordingly, the undersigned concludes that the instant motion to amend is a "pretrial matter not dispositive of a claim or defense" within the meaning of Fed. R. Civ. P. 72(a) that the undersigned has jurisdiction to hear and determine pursuant to the Court's referral (DN 5) and 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2018).

None of the documents included in Simpson's supplemental filing (DN 87-1) alters these conclusions. None of them offers new evidence, and none offers information that was not already available before the March 1, 2019, deadline.

First, the federal direct consolidation loan verification certificate simply confirms the position that Defendants have taken since the start of this case: that Simpson consolidated her loans in 2005 rather than paying them off. Simpson knew that to be Defendants' position and said so in her complaint all the way back in February of 2017: "ACS stated that I consolidated my loans again in 2005 and again 6 months later in 2006." (DN 1, at PageID # 5.) Thus, if Simpson suspected that Defendants were engaged in fraudulent behavior (i.e., claiming that she merely consolidated her loans as opposed to paying them off) in 2017, there is no reason for her to have waited until after the March 1, 2019 deadline—over two years after filing her initial complaint—to include such a claim. "A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

Second, the express pay pay-by-phone authorization report contains no new information that could support a claim. The report shows that Simpson made loan payments on June 20, 2005 and July 18, 2005. (DN 87-1, at PageID # 1398.) But that same information was readily available to Simpson in the Borrower History and Activity Report she received in the 2015 VA lawsuit. (DN 74-5, at PageID # 785.) Thus, to the extent that information does support a claim, it is a claim that Simpson knew of in 2015. Simpson should therefore have included that claim in her initial 2017 complaint or could have sought leave to amend well before the March 1, 2019, deadline.

Third, the client audit review report suffers the same fatal flaw as the pay-by-phone authorization form discussed above. The client audit review report shows loan disbursement and repayment amounts and other activities from 2002 through 2017.  (DN 87-1, at PageID # 1399-1405.)  But most of the information contained in that report, including the June and July 2005 loan payments, were also reflected in the Borrower History and Activity Report that Simpson received in the 2015 VA lawsuit.  (DN 74-5, at PageID # 771-790.)  Thus, any information that Simpson has now to support a new claim is again information she possessed in 2015 and should therefore have been included in her initial 2017 complaint or been the basis of an earlier motion for leave to amend.

Fourth, the 2015 Experian credit report states that it was "prepared for Rose M Simpson." (DN 87-1, at PageID # 1406.)  The report was generated on August 16, 2015.  (*Id.*)  Thus, the credit report was in Simpson's possession before filing her initial 2017 complaint. (DN 87-1, at PageID # 1406.)  Therefore, it does not constitute new evidence.

Fifth, Simpson also included Unemployment Deferment Request forms in her supplemental filing.  (DN 87-1, at PageID # 1409-1413.)  Notwithstanding that the Court's order limited Simpson to filing the four documents discussed above, these forms do not constitute new evidence.  Simpson had access to these documents—indeed, she signed and dated them herself— on February 10, 2011, August 24, 2011, September 9, 2011, and April 10, 2012.  (*Id.*)  Simpson cannot claim that documents she possessed in 2011 and 2012 somehow constitute "new" evidence nearly a decade later.

Finally, the Borrower History and Activity Report (DN 70-2), which the Court indicated in its prior opinion that Simpson did not submit and which the Court has now had the opportunity to review, further demonstrates that the evidence Simpson claims is new was actually available as

far back as 2015.  As discussed above, the records of Simpson's loan payments, particularly the payments in June and July of 2005, were included in the Borrower History and Activity Report. (DN 70-2, at PageID # 1327.)  And Simpson received that document in September of 2015 as part of the VA lawsuit.  (DN 74-5, at PageID # 771-790.)  Therefore, Simpson's supposed new evidence was in fact evidence that she had possessed for a year and a half by the time she filed her complaint in February of 2017.  (DN 1.)

In sum, none of the documents contained in Simpson's supplemental filing is new evidence that can support her request for leave to amend her complaint again.  Each contains information that Simpson had access to well before filing her 2017 complaint.  And even if the documents did contain new evidence, Simpson has not adequately explained her lack of diligence between receiving the documents and moving for leave to amend her complaint.  The "failure to provide any excuse for the delay [in seeking leave to amend pleadings] is largely dispositive." *Desai v. Charter Commc'ns, LLC*, 381 F. Supp. 3d 774, 793-94 (W.D. Ky. 2019).  Because Simpson has not established good cause to amend, the Court does not reach the Defendants' futility argument.

## II.    ORDER

For the reasons set forth above and in the Court's prior Memorandum Opinion and Order (DN 84), as modified herein, IT IS HEREBY ORDERED that:

(1)    Simpson's Motion to Amend Complaint & Request for Additional Assistance (DNs 63, 71) is **DENIED**.

(2)    The stay of Simpson's deadline to file objections is **LIFTED**.  Simpson shall file any objections to the Court's Memorandum Opinion and Order (DN 84) and the instant Supplemental Opinion and Order as prescribed by Fed. R. Civ. P. 72(a).

(3)     Within fourteen days of entry of this Order, the Parties shall jointly contact the undersigned's Case Manager, Theresa Burch, via e-mail, at theresa_burch@kywd.uscourts.gov, to schedule a telephonic status conference to discuss resetting the deadlines previously held in abeyance and reschedule the settlement conference in this matter.  The Parties shall come to the scheduled telephonic status conference with dates on which they—and, in the case of Defendants, their respective decisionmakers—are available for a settlement conference.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

October 22, 2020

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.