UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROSE M. SIMPSON                                                                                        Plaintiff

v.                                                                                  Civil Action No. 3:17-cv-76-RGJ

XEROX EDUCATION SERVICES, LLC                                                                          Defendants
D/B/A ACS EDUCATION SERVICES, *ET
AL*.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Conduent Education Services, LLC ("CES") and Conduent, Inc. ("Conduent") (together with CES, "Defendants") submitted a bill of costs. [DE 114]. Plaintiff Rose M. Simpson ("Simpson") moved to stay Defendants' bill of costs pending the outcome of her appeal. [DE 115]. Defendants responded [DE 116] and Simpson replied [DE 117]. Because Simpson responded to the merits of Defendants' bill of costs in the briefing on her motion to stay, the Court finds that no further briefing is necessary. For the reasons below, Defendants' Bill of Costs [DE 114] is **GRANTED** and Simpson's Motion for Stay Pending Appeal is [DE 115] **DENIED AS MOOT**.

### I. BACKGROUND

The Court provided a detailed background in its Order on summary judgment and reincorporates that background here. [DE 110]. Simpson alleged that Defendants violated § 1681s-2 of the Federal Consumer Rights Act and § 1692e of the Fair Debt Collection Practices Act. [DE 39]. Defendants moved for summary judgment, which the Court granted. [DE 110]. Simpson appealed the Court's decision [DE 112], but the Sixth Circuit affirmed the Court's grant of summary judgment to Defendants. [DE 118].

## II.   STANDARD

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)). The Supreme Court has held that a district court may award costs only for those elements in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's

costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, at *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

### III. DISCUSSION

Defendants request costs totaling $1,933.44 for Simpson's deposition and making copies necessary for litigation. [DE 114 at 2871]. In response, Simpson asserts that Defendants should not be awarded costs because her deposition was unnecessary. [DE 117 at 2896].

"[S]ubsections (2) and (4) of § 1920 have been interpreted to authorize taxing as costs the expenses of taking, transcribing and reproducing depositions." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Courts in the Sixth Circuit typically allow costs for "taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Id.* Necessity is determined at the time the deposition was taken. *See id.* That a deposition is not used at trial is not controlling. *LaVay Corp. v. Dominion Fed. S. & L. Ass'n*, 830 F.2d 522, 528 (4th Cir.1987), *cert. denied*, 484 U.S. 1065 (1988).

Defendants spent $1,679.44 on Simpson's deposition. [DE 114-1 at 2873]. Simpson's deposition was cited in Defendants' Motion for Summary Judgment [DE 100] and in the Court's Order granting summary judgment [DE 110]. Although summary judgment was granted based on the statute of limitation, Simpson's deposition was still integral to that ruling [*Id.* at 2810]. Moreover, Simpson's deposition was taken on May 30, 2019, about three years before the Court granted summary judgment. [DE 100-2]. There is no doubt that Simpson's deposition would have been necessary at that point in the litigation. *See Sales*, 873 F.2d at 120 (determining necessity

3

when the deposition was taken). Accordingly, Defendants are entitled to the costs associated with Simpson's deposition.

Defendants also request $253.90 for the costs of making copies of materials necessary for use in the case. [DE 114 at 2871]. These costs are customarily granted by statute. 28 U.S.C. § 1920(4) ("A judge or clerk of any court of the United States may tax as costs the . . . [f]ees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case."). Therefore, the Court will tax as costs $253.90 associated with necessary copies.

Simpson cites no authority suggesting that Defendants would not be entitled to costs, and Rule 54 provides for costs "[u]nless a federal statute, these rules, or a court order provides otherwise." Simpson cites no federal statute, civil rule, or court order that provides otherwise. [DE 115; DE 117]. And by litigating her claims, Simpson assumed the risks inherent to litigation. These risks include imposing costs. *See Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001) ("The partial lifting of the subsidy previously enjoyed by prisoner-litigants does not deny them access to the courts, except that, like all poor persons, their access is restricted because they must weigh the risks and rewards of trying their claims in court.") (citing *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (stating that imposing costs against indigent prisoner makes them "like anybody else")). Therefore, the Court will **GRANT** Defendants' Bill of Costs [DE 114]. Because the Sixth Circuit has ruled on Simpson's appeal [DE 118], Simpson's Motion for Stay Pending Appeal [DE 115] is **DENIED AS MOOT**.

### IV. <u>CONCLUSION</u>

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Defendants' Bill of Costs [DE 114] is **GRANTED**;

2. Simpson's Motion for Stay Pending Appeal [DE 115] is **DENIED AS MOOT**; and

3. Simpson SHALL pay Defendants their costs in the amount of $1,933.44. Payment to Defendants shall be forwarded to counsel of record within thirty days of the entry of this Order.

Rebecca Grady Jennings, District Judge
United States District Court

January 3, 2023